IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENTLEY A. HOLLANDER, ) | |
| ) | Case No. 2:10-cv-00235-JD |
| Plaintiff, ) | |
| v. ) | (Judge Jan E. DuBois) |
| ) | |
| HOSPIRA, INC., ) | *(filed electronically)* |
| ) | |
| Defendant. ) | |

## **ORDER**

AND NOW, this _____ day of _____, 2010, upon consideration of Hospira's

Motion to Stay, it is hereby ORDERED that this case is stayed.  The parties shall contact the

Court within 14 days after the later of the two Federal Circuit decisions in *Pequignot v. Solo*

*Cup*, Appeal No. 2009-1547, or *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428, to schedule

a status conference.

BY THE COURT:

_____

Jan E. DuBois, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BENTLEY A. HOLLANDER, | ) |
| | ) |
| | ) Case No. 2:10-cv-00235-JD |
| Plaintiff, | ) |
| v. | ) (Judge Jan E. DuBois) |
| | ) |
| HOSPIRA, INC., | ) (*filed electronically*) |
| | ) |
| Defendant. | ) |

## HOSPIRA, INC.'S MOTION TO STAY

NOW COMES the defendant, Hospira, Inc., and moves this Court for entry of an Order

staying this case pending the outcome of the appeals now pending before the Federal Circuit

Court of Appeals in *Pequignot v. Solo Cup*, Appeal No. 2009-1547, and *Stauffer v. Brooks

Brothers*, Appeal No. 2009-1428.  The competing interests of the parties, the fact that these

decisions will likely simplify and clarify the issues pending before this Court, judicial economy,

and the short length of such a stay, all support staying this case.  Further, there will be no harm to

the plaintiff by entry of a stay.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum in Support, all of which Hospira incorporates herein by reference as if set forth in full, Hospira respectfully requests this Court stay this case pending the Federal Circuit's resolution of the appeals in *Pequignot v. Solo Cup*, Appeal No. 2009-1547, and *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428, and award such other and further relief as this Court deems appropriate.

Date:  March 22, 2010

By:  /s/ *Tracy Zurzolo Quinn*

Tracy Zurzolo Quinn
PA Attorney I.D. # 71072
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: 215-851-8100
Facsimile: 215-851-1420
email: tquinn@reedsmith.com

Of Counsel:

Brian D. Roche
Michael P. Bregenzer
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: 312-207-1000
Facsimile: 312-207-6400
broche@reedsmith.com
mbregenzer@reedsmith.com

Counsel for Defendant Hospira, Inc.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BENTLEY A. HOLLANDER, | ) |
|                     Plaintiff, | ) |
| v. | ) |
| HOSPIRA, INC., | ) |
|                     Defendant. | ) |

Case No. 2:10-cv-00235-JD

(Judge Jan E. DuBois)

(*filed electronically*)

## MEMORANDUM IN SUPPORT OF HOSPIRA'S MOTION TO STAY

### I.    INTRODUCTION AND BACKGROUND

A false marking cause of action has existed in one form or another since 1842, and has remained substantially unchanged since 1952. Until recently, there have been few lawsuits premised on 35 U.S.C. § 292 or its predecessor statutes. Most of those cases were brought by competitors as counterclaims during patent infringement litigation. The primary reason for the scarcity of cases asserting a claim under § 292 is that, for the last hundred years, most courts construed the statute's language providing for a fine of "not more than $500 for every such offense" to mean a maximum fine for each decision to mark falsely a product. *See e.g., London v. Everett H. Dunbar Corp.*, 179 F. 506 (1st Cir. 1910); *A.G. Design & Assoc. v. Trainman Lantern Co.*, No. C07-5158RBL, 2009 WL 168544, at *3 (W.D. Wash. Jan. 23, 2009); *Undersea Breathing Sys., Inc. v. Nitrox Tech., Inc.*, 985 F. Supp. 752, 781 (N.D. Ill. 1997); *Sadler-Cisar, Inc. v. Commercial Sales Network, Inc.*, 786 F. Supp. 1287, 1296 (N.D. Ohio 1991); *Joy Mfg. Co. v. CGM Valve & Gauge Co., Inc.*, 730 F. Supp. 1387 (S.D. Tex. 1989). Thus, significant damages were not available even in the event a plaintiff was able to prevail on such a claim. And so plaintiffs simply did not bring cases under 35 U.S.C. § 292.

On December 28, 2009, everything changed. The Federal Circuit in *Forest Group v. Bon Tools* held that the maximum fine should be applied on a *per article* basis, as opposed to a *per decision* basis. *Forest Group v. Bon Tools*, 590 F.3d 129, 1304 (Fed. Cir. 2009). The impact of

this decision has been immediate.  The possibility of a substantial damages award, combined with the language from § 292(b) providing that "[a]ny person may sue for the penalty," has led to a large number of lawsuits brought—not by competitors—but by fortune hunters.  Bentley Hollander ("Hollander"), the plaintiff here, is a perfect example.  He has filed seven lawsuits in this Court since January 19, 2009, each alleging that the defendant marked products with expired patents.[1]  Another plaintiff, Thomas Simonian, has filed 38 such cases in the Northern District of Illinois since February 23.

Given the dearth of case law relating to 35 U.S.C. § 292 and the recent flood of litigation brought under § 292, cases are now beginning to work their way through the district courts to the Federal Circuit.  The outcome of these appeals will shape, and likely resolve, many of the issues raised in cases like this one.  For example, one of the appeals currently before the Federal Circuit—*Pequignot v. Solo Cup*, Appeal No. 2009-1547—presents the issue whether marking a product with an expired patent violates 35 U.S.C. § 292.  If the Federal Circuit holds that marking with an expired patent that otherwise covers the product is not prohibited by § 292, then Hollander's case—which is entirely premised on such an allegation—should be dismissed without any further expense or use of judicial resources.

The *Pequignot v. Solo Cup* appeal will likely also put to rest any questions regarding the pleading standards applicable to the intent element of § 292, which requires that any alleged false marking be "for the purpose of deceiving the public."  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-1329 (Fed. Cir. 2009) ("[A]lthough 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer" intent to deceive.... [A]n inference of deceptive intent must be reasonable and drawn from a pleading's allegations of

---

[1]     *Hollander v. Timex Group USA, Inc.*, Case No. 2:10-cv-00429-BMS; *Hollander v. EUSA Pharma (USA), Inc.*, Case No. 2:10-cv-00492-LDD; *Hollander v. Etymotic Research, Inc.*, Case No. 2:10-cv-00526-PBT; *Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, Case No. 2:10-cv-00836-RB; *Hollander v. B. Braun Medical, Inc.*, Case No. 5:10-cv-00835-MAM; and *Hollander v. Ranbaxy Laboratories Inc.*, 2:10-cv-00793-MMB.

underlying fact to satisfy Rule 9(b), this inference must be 'the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard.'"). Hospira has filed a motion to dismiss concurrently with this motion raising both of these issues that are likely to be addressed by the Federal Circuit in *Pequignot*.

Another case pending before the Federal Circuit that will address important issues relating to the scope of § 292 in general, and Hollander's claim in particular, is *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428. In that case, the Federal Circuit will likely address what is necessary for a non-competitor defendant to establish Article III standing. If the Federal Circuit affirms the holding of the district court, it will be clear that a non-competitor plaintiff like Hollander does not have Article III standing to bring an action under § 292. Such a ruling would effectively resolve the instant case as Hollander would lack standing and this Court would therefore lack jurisdiction.

The *Pequignot v. Solo Cup* appeal has been fully briefed and the oral argument is presently set for April 6, 2010. The *Stauffer v. Brooks Brothers* appeal has also been fully briefed, although there was a pending motion for leave to file an amicus brief. Thus, a decision on these important, and potentially case dispositive issues, could be issued as soon as late Spring or Summer.

## II.    PROCEDURAL HISTORY

Hollander filed this case on January 19, 2010. The Complaint alleges "false patent marking" under 35 U.S.C. § 292, based on the claim that Hospira has marked certain products with expired patents. Hollander alleges that Hospira marked 115 separate products with one or more of five expired patents.

Hospira has filed a Motion to Dismiss raising three separate grounds for dismissal.

First, Hospira moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) as this Court lacks jurisdiction because Hollander, an individual who does not compete with Hospira or

purchase Hospira's products, lacks standing.  More specifically, Hollander fails to demonstrate

any of three prerequisites for Article III standing:

> [A] plaintiff must meet three requirements in order to establish Article III
> standing.  First, he must demonstrate 'injury in fact'–a harm that is both
> 'concrete' and 'actual or imminent, not conjectural or hypothetical.'  Second, he
> must establish causation–a 'fairly … trace[able]' connection between the alleged
> injury in fact and the alleged conduct of the defendant.  And third, he must
> demonstrate redressability–a 'substantial likelihood' that the requested relief will
> remedy the alleged injury in fact.  These requirements together constitute the
> 'irreducible constitutional minimum' of standing, which is an 'essential and
> unchanging part' of Article III's case-or-controversy requirement."

*Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (internal

citations omitted).  As referenced above, this issue will likely be addressed by the Federal Circuit

in connection with the appeal in *Stauffer v. Brooks Brothers*.  And to the extent the Federal

Circuit holds that an injury-in-fact to the plaintiff is required under 35 U.S.C. § 292, Hollander's

claims will fail as he does not, and cannot, allege an injury-in-fact to himself.

Second, Hospira moves to dismiss pursuant to Rule 12(b)(6) because marking a product

with an expired patent is not false patent marking under 35 U.S.C. § 292.  As a result,

Hollander's Complaint which is premised on the allegation that Hospira marked certain products

with expired patents, fails to state a claim and should be dismissed.  This issue will likely be

addressed in the Federal Circuit's decision in *Pequignot v. Solo Cup*.  And in the event the

Federal Circuit holds that marking with an expired patent is not false marking, Hollander's claim

will fail as it is limited to the allegation that Hospira marked products with expired patents.

Third, Hospira moves to dismiss pursuant to Rule 12(b)(6) because Hollander fails to

allege sufficient facts as required under Rule 9(b) to establish that Hospira acted with the

requisite intent to deceive the public.  Again, this issue will likely be addressed by the Federal

Circuit in *Pequignot v. Solo Cup*.  If the Federal Circuit holds that Rule 9(b) governs § 292

claims, Hollander's Complaint should be dismissed as he fails to allege any facts giving rise to

an inference of deceptive intent, relying instead on mere conclusions.

## III.    ARGUMENT

"A United States district court has broad power to stay proceedings." *Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, AFL-CIO*, 544 F.2d 1207, 1215 (3rd Cir. 1976). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

"In determining whether to stay an action, a court must weigh the competing interests of the parties, as well as the possibility that a stay would harm one of the parties." *Dimensional Music Publishing, LLC v. Kersey ex rel. Estate of Kersey*, 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006).  Furthermore, the court should consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties' and the length of the requested stay." *Glades Pharmaceuticals, LLC v. Call, Inc.*, No. Civ.A. 04-4259, 2005 WL 563726, *8 (E.D. Pa. March 9, 2005) (internal quotation marks omitted).

Finally, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Dimensional Music Publishing, LLC*, 448 F. Supp. 2d at 656 *quoting Bechtel Corp.*, 544 F.2d at 1215. *See also,* Declaration of Michael P. Bregenzer in Support of Hospira's Motion to Stay ("Bregenzer Decl.") Exhibit 1 at 3 (February 26, 2010 Order from Judge Robinson in the District of Delaware in *Accenture Global Svcs. GmbH v. Guidewire Software, Inc.*, Case No. 07-826-SLR) (staying a patent case pending an upcoming decision from the U.S. Supreme Court because "[i]nsofar as the Supreme Court may illuminate or drastically alter the framework of [invalidity] determination[s], the court believes it is prudent to postpone the subject matter inquiry under 35 U.S.C. § 101 until such time as a decision is issued in *Bilski v. Doll*."), attached hereto as **Exhibit A**.

Each of these factors supports a stay of Hollander's claims pending the Federal Circuit's decisions in *Pequignot v. Solo Cup*, Appeal No. 2009-1547 and *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428.

First, the competing interests of the parties support staying the case. Both Hollander and Hospira (along with this Court) have a strong interest in litigating this case under the proper legal standards. For instance, if the Federal Circuit holds that marking with an applicable, but expired, patent cannot constitute false patent marking under 35 U.S.C. § 292, both Hollander and Hospira will save significant resources through a stay inasmuch as such a finding would resolve the case. It is for exactly this reason that this Court has previously stayed cases pending "the outcome of another which may substantially affect it or be dispositive of the issues." *Dimensional Music Publishing, LLC*, 448 F. Supp. at 656.

Second, while Hollander may prefer to resolve his case sooner rather than later, he will not suffer any harm from a stay. As discussed in Hospira's Motion to Dismiss, Hollander alleges no injury to himself at all. Thus, a stay will not delay the restitution of any injury to Hollander. The only injury he attempts to allege is a vague and unsubstantiated injury to the United States and the "public interest:"

> By marking and continuing to mark millions of articles with the [patent], without a reasonable belief that such articles were covered by the [patent], and by using the [patent] in advertising in connection with such articles, Hospira has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

*See* Complaint at ¶¶ 42, 53, 62, 71, and 80. As discussed in Hospira's Motion to Dismiss, such conclusory allegations of nonspecific harm to the public are insufficient to confer standing. However, even if they were sufficient for standing, the lack of any specific allegations of harm makes it clear that no one—not Hollander, the public interest, or the United States—will suffer any substantial harm if this case is stayed until the Federal Circuit decides the pertinent issues now before it. On the other hand, Hospira, Hollander, and this Court could all waste significant

time and money were they to spend the next few months litigating a motion to dismiss, a motion to transfer, and engaging in expensive discovery, only to find out that Hollander lacks standing or that marking with an applicable, but expired, patent cannot constitute false marking under 35 U.S.C. § 292.

Third, staying this case pending the Federal Circuit's decisions in *Pequignot v. Solo Cup* and *Stauffer v. Brooks Brothers* will simplify the issues. As discussed above, the Federal Circuit could issue rulings that would effectively end this case. But even assuming that the Federal Circuit's decisions do not end this case, its rulings will certainly clarify the law, thereby narrowing the legal and factual issues the parties will need to contest.

Fourth, for many of the same reasons discussed above, a stay will promote judicial economy. It would both waste resources and run the risk of inconsistent decisions, for this Court to grapple with arguments that will soon be definitively decided by the Federal Circuit. Judicial economy weighs in favor of staying this case pending the outcome of the Federal Circuit's decisions in *Pequignot v. Solo Cup* and *Stauffer v. Brooks Brothers*. Indeed, at least one court has already done so. *See e.g., U.S. ex rel. Heathcote Holdings Corp., Inc. v. Church & Dwight Co., Inc.*, Case No. 2:08-cv-00349-TJW, Order entered 10/5/09, attached as Bregenzer Decl. Exhibit 2.

Finally, the length of the stay will be relatively short. The *Pequignot v. Solo Cup* appeal is scheduled for oral argument on April 6, 2010, and the *Stauffer v. Brooks Brothers* appeal is fully briefed, with the possible exception of an amicus brief. According to the Federal Circuit's own statistics, the median time from docketing to a disposition on the merits is just over 9 months. *See* Bregenzer Decl. Exhibit 3. The Notice of Appeal in the *Pequignot v. Solo Cup* appeal was docketed more than six months ago on September 9, 2009, and therefore, this appeal could be resolved in approximately three months. The Notice of Appeal in the *Stauffer v. Brooks Brothers* appeal was docketed almost nine months ago on July 7, 2009, and will also likely be resolved in the near future. Thus, there should not be any significant delay associated with a stay, and given the strong reasons supporting a stay, this Court should grant Hospira's Motion.

## IV.   CONCLUSION

For the reasons set forth above, Hospira respectfully requests this Court stay this case pending the Federal Circuit's resolution of the appeals in *Pequignot v. Solo Cup*, Appeal No. 2009-1547 and *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428, and award such other and further relief as this Court deems appropriate.


Date:  March 22, 2010

By:  ___/s/Tracy Zurzolo Quinn
Tracy Zurzolo Quinn
PA Attorney I.D. # 71072
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: 215-851-8100
Facsimile: 215-851-1420
email: tquinn@reedsmith.com

Of Counsel:

Brian D. Roche
Michael P. Bregenzer
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
Telephone: 312-207-1000
Facsimile: 312-207-6400
broche@reedsmith.com
mbregenzer@reedsmith.com


Counsel for Defendant Hospira, Inc.

## CERTIFICATE OF SERVICE

I, Tracy Zurzolo Quinn, hereby certify that a true and correct copy of the foregoing

Motion to Stay and supporting Memorandum have been filed electronically this 22nd day of

March, 2010 and is available for viewing and downloading from the Court's Electronic Case

Files system.  A copy of the foregoing has been served today upon the following counsel via

ECF and email:

> Jacob C. Cohn
> Ilan Rosenberg
> Cozen O'Connor
> 1900 Market Street
> Philadelphia, PA 19103
> Telephone: 215-665-4621
> Facsimile: 215-701-2021

> /s/  *Tracy Zurzolo Quinn*
> Tracy Zurzolo Quinn