**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BENTLEY A. HOLLANDER | : |
| | : Civil Action No. 2:10-cv-00235-JD |
| Plaintiff/Relator, | : |
| v. | : |
| | : |
| HOSPIRA, INC. | : |
| | : |
| Defendant. | : |

**ORDER**

AND NOW, on this ___ day of _____, 2010, upon consideration of the motion

by Defendant Hospira, Inc. to stay the proceedings, and Plaintiff Bentley A. Hollander's

opposition thereto, it is hereby ORDERED that Defendant's motion is DENIED.

BY THE COURT:

_____
Jan E. DuBois, J.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BENTLEY A. HOLLANDER<br><br>Plaintiff/Relator,<br>v.<br><br>HOSPIRA, INC.<br><br>Defendant. | :<br>:<br>:   Civil Action No. 2:10-cv-00235-JD<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF/RELATOR BENTLEY A. HOLLANDER'S OPPOSITION
TO DEFENDANT HOSPIRA, INC.'S MOTION TO STAY**

Plaintiff/Relator Bentley A. Hollander hereby opposes Defendant Hospira, Inc.'s

("Hospira") Motion to Stay.

**I.      SUMMARY OF THE ISSUES**

Dr. Bentley Hollander, an individual who resides within the Eastern District of

Pennsylvania, commenced this *qui tam* action to collect a penalty in the name of the United

States for Hospira's false marking of large numbers of pharmaceutical products with expired

patent numbers, in violation of 35 U.S.C. § 292(a).[1]

In response, Hospira has filed a series of motions, including one to stay the proceedings.

Hospira contends that a stay is proper because of its perceived "dearth of case law relating to 35

U.S.C. § 292" (at p. 2).  In support of its motion, Hospira contends that:

        (a)   the parties have an interest in litigating this case under a clear legal framework;

---

[1] The patents at issue are  U.S. Patent No. 4,344,472 ("the '472 Patent"); U.S. Patent No.
4,368,765 ("the '765 Patent"); U.S. Patent No. 4,614,267 ("the '267 Patent"); U.S. Patent No.
4,614,515 ("the '515 Patent"); and U.S. Patent No. 4,757,911 ("the '911 Patent").

      (b)    no harm will come from staying the proceedings;

      (c)    the issues in this case will be simplified by the Federal Circuit's decisions in the pending appeals of *Pequignot v. Solo Cup*, Appeal No. 2009-1547 and *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428;

      (d)    a stay will promote judicial economy; and

      (e)    the stay will be "relatively short."

As set forth herein, there is no merit to Hospira's contentions, and its motion should be denied.

## II.    ARGUMENT

There is no reason for the Court to grant the extraordinary relief of staying and administratively closing this action, as requested by Hospira, because Hospira's arguments are wrong.

### A.    There Is Clear Legal Guidance On All Legal Issues

The crux of Hospira's motion is that the *Pequignot* and *Stauffer* cases pending before the Federal Circuit will resolve Hospira's key concerns, namely, whether (a) Dr. Hollander has standing to pursue his *qui tam* claims and (b) marking products with expired patents is proscribed by 35 U.S.C. § 292(a).

In his opposition to Hospira's motion to dismiss, which in the interest of avoiding duplication is incorporated herein by reference, Dr. Hollander demonstrated in detail how these issues have already been resolved by controlling appellate precedent. In summary:

*Stauffer's* standing ruling is completely insupportable, and cannot be squared with the Supreme Court's holding in *Vermont Agency of Natural Resources v. United States ex rel.*

*Stevens*, 529 U.S. 765, 773-74 (2000) that *qui tam* relators have "representational standing" as statutory assignees of the claims of the United States, or with the Federal Circuit's twin holdings in *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009) and *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005) that the United States' interest is "clearly injured by false marking." The conclusion that *Stauffer* is a rogue ruling that soon will be overturned, and not a bellwether case that merits staying an unrelated case, is further demonstrated by the Justice Department's persuasive appellate briefs in *Stauffer*. In those briefs, the government demonstrates the categorical errors of the *Stauffer* court's reasoning as well as the threat that the decision poses to the government's ability to enforce all manner of statutory enactments.

As for whether marking a product with an expired patent violates Section 292, this issue was settled at least 20 year ago by the Supreme Court in *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 159 (1989) (item for which patent is expired "is unpatented and unpatentable"). This conclusion was reinforced by the Federal Circuit's decision in the *Forest Group* case cited by Hospira, 590 F.3d at 1303-04 (observing that Congress "explicitly" authorized and encouraged private enforcers to sue over the marking of expired patents). In fact, the issue has already been addressed at the motion to dismiss stage by this Court in another false patent marking case brought by Dr. Hollander against Timex, where Judge Schiller promptly denied Timex's motion to dismiss on the very same grounds.

Because the issues here have been resolved by controlling appellate authority, the fact that litigants in other cases are arguing for a change in accepted law provides scant support for a stay of this action predicated on the existence of appeals on those cases. A stay will do nothing to narrow the parties' issues nor further judicial economy, as Hospira incorrectly contends.

**B.**      **Hospira's False Marking Activities Cause Ongoing To Harm The United States**

Contrary to its claim that no one will be harmed by a stay of these proceedings, Hospira's own corporate website recites with pristine clarity the reasons why marking products as patented when the actual patents are expired is a harmful practice.  Indeed, Hospira readily admits that the ability to compete with a company that once held a now-expired patent "will save billions of dollars for American consumers and the American government.  And both could use the help as never before."[2]  Thus, the continued false marking of expired patents on articles by Hospira stands as an improper impediment to would-be competitors' ability to make use of the patents Hospira falsely claims to cover its products.

**C.**      **Hospira's Claim That The Stay Will Be Relatively Short Is Purely Conjectural**

Finally, neither Hospira, nor anyone else, can actually predict the timeframe within which the Federal Circuit will decide the *Pequignot* and *Stauffer* matters.  As the Court is well aware, published statistics often fail to predict future outcomes with any degree of accuracy.  Hospira is not an oracle.  Indeed by way of example, each of the undersigned attorneys is counsel to parties whose separate appeals were argued before the Third Circuit on October 30, 2008.  The opinion in one of those cases was filed on April 2, 2009.  The other case remains *sub judice* even today.  In any event, should opinions in the subject appeals issue during the course of this action, any change that might be occasioned in the existing law will doubtless be addressed by the parties and any impact on this case briefed to the Court in due course – the way things ordinarily are supposed to work in our common law, adversarial system.

---

[2] *See* http://www.hospira.com/AdvancingWellness/biogenericsfaq.aspx (last checked April 16, 2010), copy attached as Exhibit "A."

## III.    CONCLUSION

Hospira has failed to support its motion for a stay adequately.  The extraordinary relief

Hospira seeks is unmerited, and its motion, therefore, should be denied.

Dated: April 27, 2010                          Respectfully submitted,

<div style="margin-left: 50%;">

/s/ Jacob C. Cohn

BY:    Jacob C. Cohn
       Ilan Rosenberg
       COZEN O'CONNOR
       1900 Market Street
       Philadelphia, PA 19103
       (215) 665-2783

*Attorneys for Plaintiff/Relator*
*Bentley A. Hollander*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Jacob C. Cohn, hereby certify that a true and correct copy of the foregoing Opposition to Defendant Hospira Inc.'s Motion to Stay was served this 27th day of April, 2010 upon the following via the Court's ECF system:

Tracy Zurzolo Quinn
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103


Brian D. Roche
Michael P. Bregenzer
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606


*Counsel for Defendant Hospira, Inc.*


    /s/ Jacob C. Cohn
    Jacob C. Cohn