**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENTLEY A. HOLLANDER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO.  2:10-CV-00235-JD** |
| | : | |
| **HOSPIRA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**DuBOIS, J.**                                            **November 22, 2010**

## M E M O R A N D U M

### I.  INTRODUCTION

This is a <u>qui tam</u> action alleging violations of 35 U.S.C. § 292, the "false marking" statute that penalizes the marking of products with false or expired patents.  Presently before the Court is defendant Hospira, Inc.'s ("Hospira") Motion to Transfer.  In response to the motion, plaintiff, Bentley A. Hollander ("Hollander"), argues that in order to assess the materiality of certain non-party witnesses' testimony, he should be afforded venue transfer discovery with respect to those witnesses, and that issue has been briefed.  For the reasons set forth below, Hollander's request for discovery is denied, Hospira's Motion to Transfer is granted, and the case is transferred to the United States District Court for the Northern District of Illinois.

## II. BACKGROUND[1]

Hospira is a global specialty pharmaceutical and medication delivery company that sells a broad line of hospital products, including "specialty injectable and other pharmaceuticals, medication management systems, and other devices." (Compl. ¶¶ 12-14.) Hollander filed a Complaint on January 19, 2010, alleging that Hospira violated 35 U.S.C. § 292(a) by marking some of its products with expired patents and using those expired patents in advertising, with the purpose of deceiving the public. (Id. ¶ 2.) Hollander seeks the imposition of a fine against Hospira, one half to be paid to the United States and the other half to be paid to Hollander, as qui tam relator, pursuant to 35 U.S.C. § 292(b). (Id. ¶ 3.)

## III. LEGAL STANDARD

The question before the Court is whether this case should be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) permits transfer on venue grounds and states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Once a court determines that venue is proper in another district, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm

---

[1] In considering a motion to transfer venue, a court must accept as true the allegations in the Complaint. Andrade v. Chase Home Fin., LLC, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005) ("When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant."); Fellner v. Philadelphia Toboggan Coasters, Inc., No. 05-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005) ("In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must generally accept as true the allegations in the complaint.").

Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The party moving to transfer venue bears the burden of establishing the need for the transfer. Id.; Miller v. Consol. Rail Corp., 196 F.R.D. 22, 24 (E.D. Pa. 2000).

## IV. DISCUSSION

The Court must decide two questions in connection with Hospira's Motion to Transfer: (1) whether to permit Hollander to conduct the venue transfer discovery he requests; and (2) whether the case should be transferred pursuant to 28 U.S.C. § 1404(a). The Court concludes that the discovery Hollander seeks is unwarranted and that justice is best served by transferring the case to the Northern District of Illinois.

### A. Venue Transfer Discovery

Hollander requests witness discovery and discovery regarding a Hospira distribution facility in King of Prussia, Pennsylvania. In particular, Hollander requests discovery of: (1) "[w]hat knowledge, input and/or decision-making authority" any of the seven third-party witnesses identified in Hospira's Motion to Transfer had with respect to the marking of expired patents on Hospira's products; (2) the extent to which any current Hospira employees likewise possess knowledge or involvement with marking patents on Hospira's products, such that the seven non-parties' testimony would be cumulative; (3) whether the seven third-party witnesses actually would be available for trial in the Eastern District of Pennsylvania; and (4) the extent to which Hospira "uses (or used) its King of Prussia distribution facility to place falsely-marked products into the stream of commerce in the United States." (Pl./Relator Bentley A. Hollander's Mem. Regarding Disc. Related to Hospira, Inc.'s Mot. to Transfer Venue [hereinafter "Pl.'s Venue Disc. Mem."].)

## 1. **Witness Discovery**

A defendant may satisfy its evidentiary burden on a motion to transfer by submitting "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)." Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3d Cir. 1973). Some examples of such documents are "a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify." Id. at 757 n.2. In providing such information, a defendant need do no more than "clearly specify the key witnesses to be called and . . . make a general statement of what their testimony will cover." Austin v. Johns-Manville Corp., 524 F. Supp. 1166, 1169 (E.D. Pa. 1981).

Hospira has met its evidentiary burden. Through the submission of three separate declarations by individuals with personal knowledge, Hospira has clearly identified seven non-party witnesses that it plans to call at trial, has specified their places of residence (in Illinois and Wisconsin), and has provided general statements as to the materiality and content of their testimony. (Bregenzer Decl.; Maschek Decl.; Gasparac Decl.) To require Hospira to provide Hollander with the additional information and discovery he seeks would be unduly onerous and would exceed the requirements of Plum Tree and Austin.[2]

---

[2] It is worth noting the breadth of the discovery sought by Hollander at this early stage of litigation. For example, Hollander seeks discovery to determine whether any current Hospira employees possess knowledge or involvement with patent marking decisions that would render the testimony of any of the seven third-party witnesses cumulative. (Pl.'s Venue Disc. Mem. at 6.) Hospira aptly points out that "[i]t is unclear how Hollander could accomplish this task without deposing all seven third-party witnesses in addition to relevant current Hospira employees in order to determine whether the testimony is indeed cumulative." (Hospira's Mem. Regarding Hollander's Req. for Disc. Regarding Hospira's Mot. to Transfer at 7 [hereinafter "Def.'s Venue Disc. Mem."].)

### 2. Discovery of Hospira's King of Prussia Distribution Facility

Hollander requests discovery of the extent to which Hospira uses or used its King of Prussia distribution facility to place any falsely-marked products into the stream of commerce. According to Hollander, this discovery is necessary because in <u>Forest Group, Inc. v. Bon Tool Co.</u>, 590 F.3d 1295 (Fed. Cir. 2009), the Federal Circuit held that § 292 penalizes the introduction of falsely-marked products into the stream of commerce. (Pl.'s Venue Disc. Mem. at 7.)

Hollander misinterprets <u>Forest Group</u>. The Federal Circuit clearly held that "[t]he <u>act</u> of false marking is the offense punished by [§ 292]." 590 F.3d at 1301 (emphasis added). Although the anti-competitive effects of false marking would not occur unless falsely-marked products were placed into the stream of commerce, the introduction of such products into the stream of commerce is not the touchstone of liability under § 292. Rather, the particular offense penalized by § 292 is the "act" of false marking, and § 292 "requires courts to impose penalties for false marking on a per article basis." <u>Id.</u> at 1304. Thus, the relevant inquiry is not the number of falsely-marked articles that have passed through a particular Hospira distribution facility but rather the total number of articles that have been marked with expired patents.

Hospira has represented that all documents relating to the number of articles marked with the patents at issue are located in the Northern District of Illinois, and Hollander has not presented any evidence or allegations to the contrary. (Def.'s Venue Disc. Mem. at 8 (citing Gasparac Decl. at ¶¶ 9-10).) As such, the Court concludes that there is no reason why discovery related to the King of Prussia distribution facility is relevant to a determination of the issues raised in the pending motion.

### B. Transfer Pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) requires the Court to answer two questions: (1) Could the case have been

brought in the Northern District of Illinois? (2) Is a transfer in the interest of justice? With respect to the first question, there is no dispute that the Northern District of Illinois has subject matter jurisdiction over this action, has personal jurisdiction over the parties, and is a proper venue to adjudicate this case. See Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).

With respect to the second question—whether a transfer is in the interest of justice—the Third Circuit has set out a number of public and private interests to be considered when weighing a transfer pursuant to § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). "Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879. "Public interest" includes the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80. A court is vested with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id. at 883. After weighing the Jumara factors, the Court concludes that justice is best served by transferring this case to the Northern District of Illinois.

### 1. Private Factors

"The private-factors analysis concentrates on the interests of the litigants and their witnesses to hold the trial in the forum more convenient for all of the involved parties." In re Amkor Tech., Inc. Sec. Litig., No. 06-298, 2006 WL 3857488, at *2 (E.D. Pa. Dec. 28, 2006). The Court

concludes that the Northern District of Illinois is the most convenient forum and that the majority of private factors favor transfer. In particular, the claims in the Complaint arose in the Northern District of Illinois and all documents and key witnesses relating to Hospira's marking, labeling, and marketing of the products at issue are located in that district. (Gasparac Decl.; Maschek Decl.); see In re Amkor Tech., 2006 WL 3857488, at *6 (holding that location of books and records and convenience of witnesses weighed in favor of transfer because personnel and records were located in defendants' home forum).

The convenience of witnesses is especially significant "to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879; see also Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust, No. 05-6827, 2006 WL 1737471, at *4 (E.D. Pa. June 21, 2006) (concluding that defendants' representation that witnesses were beyond subpoena power of court was factor weighing in favor of transfer). Hospira has identified seven potential witnesses who could be unavailable for a trial in the Eastern District of Pennsylvania because they are not parties to the litigation and are beyond the subpoena power of this Court.[3] Four of these witnesses reside within the Northern District of Illinois, while the other three reside in Wisconsin, within 60 miles of the courthouse in the Northern District of Illinois. (Bregenzer Decl. ¶¶ 4-9; Maschek Decl. ¶ 3; Gasparac Decl. ¶ 17.) Aside from one witness—an Abbott Laboratories

---

[3] See Fed. R. Civ. P. 45(b)(2) (subpoena for appearance at trial may be served within district of issuing court, within 100 miles of courthouse, or within state of issuing court if state statute or court rule allows service at that place of subpoena issued by state court of general jurisdiction); Fed. R. Civ. P. 45(c)(3)(A)(ii) ("On timely motion, the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . .").

employee[4]—all of these non-party witnesses are former Hospira employees who were involved with the process of changing Hospira product labels on which patents were marked. Because compulsory process is unavailable in this forum, and because the Court deems the testimony of the six former Hospira employees to be material, the convenience of witnesses weighs in favor of transfer. See Lucent Techs., Inc. v. Aspect Telecomms. Corp., No. 97-1618, 1997 WL 476356, at *5 (E.D. Pa. Aug. 20, 1997) ("In evaluating the convenience of the witnesses, the Court must place emphasis on the materiality of each witnesses' [sic] testimony . . . .").

The only private factors weighing against transfer are plaintiff's convenience and plaintiff's choice of forum. The Court recognizes that based on the financial condition of the two parties, it would be more inconvenient for Hollander, an individual, to litigate away from his home forum than it would be for Hospira, a corporation, to litigate away from its home forum. Jumara, 55 F.3d at 879 (noting that courts must consider "the convenience of the parties as indicated by their relative physical and financial condition"). And while there is a strong presumption in favor of the forum chosen by plaintiff, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981), a plaintiff's choice of forum is "given less weight where, as here, few, if any, of the operative facts took place in this forum, . . . and the defendant has indicated strong preference for another district." Gallant v. Trs. of Columbia Univ. in City of New York, 111 F. Supp. 2d 638, 647 (E.D. Pa. 2000). In addition, a plaintiff's choice of forum is entitled to less deference in qui tam actions, where the real party in

---

[4] According to Hospira, this employee was responsible for Abbott's label control group prior to Hospira's spin-off from Abbott Laboratories in 2004, and never became a Hospira employee. (Gasparac Decl. ¶ 17.) Hollander argues that this employee's testimony is irrelevant, given that the Complaint states claims only against Hospira for false marking, and not against Abbott. Because the Court concludes that the testimony of the other six third-party witnesses is material, the Court need not decide the materiality or relevancy of this employee's testimony.

interest is the United States.  <u>See, e.g.</u>, <u>United States ex rel. Penizotto v. Bates East Corp.</u>, No. 94-3626, 1996 WL 417172, at *2 (E.D. Pa. 1996); <u>United States ex rel. FLFMC, LLC v. Ohio Art Co.</u>, No. 10-230, 2010 WL 3155160, at *2 (W.D. Pa. July 30, 2010).  Thus, the Court  accords limited weight to Hollander's choice of forum and concludes that the only private factor seriously weighing against transfer is the inconvenience to Hollander of litigating in the Northern District of Illinois.

### 2. Public Factors

"Consideration of public factors under <u>Jumara</u> requires the court to evaluate each forum and determine where the litigation can proceed in the most efficient and inexpensive fashion."  <u>In re Amkor Tech.</u>, No. 06-298, 2006 WL 3857488, at *6 (E.D. Pa. Dec. 28, 2006).  Aside from practical considerations, the public factors in this case are neutral.  With respect to practical considerations, even Hollander concedes that on the whole, it may be less expensive to litigate in the Northern District of Illinois, where all witnesses and documents are located.  And as for the remaining public factors: a judgment in either this Court or the Northern District of Illinois is equally enforceable; neither court is so congested that there will be significant administrative difficulties in either forum; the nationwide scope of this action renders any analysis of local interests or controversies nugatory; and both this Court and the Northern District of Illinois have an equal interest in enforcing 35 U.S.C. § 292.

## V.  CONCLUSION

After considering both Hollander's discovery request and the <u>Jumara</u> factors, the Court concludes that discovery is not warranted under the facts of this case and that a transfer of venue is in the interest of justice.  Many of the <u>Jumara</u> factors weigh in favor of transfer: the facts giving rise

to plaintiff's claim all arose in the Northern District of Illinois; the case will be less expensive to litigate there, as all witnesses and books and records are located in that district; and several potential third-party witnesses who might be unavailable in this Court are within the subpoena power of the Northern District of Illinois.  Only plaintiff's choice of forum and plaintiff's convenience weigh in favor of keeping the case in this Court, and plaintiff's choice of forum is entitled to little deference because of the nature of the case—a <u>qui tam</u> action in which the United States is the real party in interest.

An appropriate order follows.